OPINION
Defendant, James Davis, appeals from his conviction and sentence for driving under suspension.
Defendant was issued a traffic citation by Moraine police for driving under suspension in violation of R.C. 4507.02. Defendant filed a motion to dismiss. Defendant claimed that the trial court lacked subject matter jurisdiction because the Uniform Traffic Ticket used to charge him was unconstitutional for various reasons. The trial court overruled Defendant's motion to dismiss, whereupon Defendant filed a renewed/amended motion to dismiss, raising the same issues again.
In response to Defendant's request, the State filed a bill of particulars. That document specified that Defendant had violated R.C.4507.02(A)(1). The matter proceeded to a bench trial in Kettering Municipal Court. Defendant represented himself, albeit in a very contentious manner.
At the commencement of trial the court summarily overruled Defendant's renewed/amended motion to dismiss. Moraine Police Officer Jack Dabelt then testified that on August 28, 2001, he observed Defendant's vehicle stopped for the red light at the intersection of Dorothy Lane and S.R. 741. Despite two posted signs at that intersection that read "No turn on red," Defendant turned right on red from Dorothy Lane onto S.R. 741. Officer Dabelt immediately stopped Defendant's vehicle for the right turn on red violation.
When Officer Dabelt asked Defendant for his driver's license, Defendant replied that he didn't have one. A subsequent check of the Bureau of Motor Vehicles' records revealed that Defendant's license was under suspension. Officer Dabelt issued Defendant a traffic citation for driving under suspension, and gave Defendant a warning for the right turn on red violation.
At the close of the State's case, Defendant moved for a dismissal/acquittal. Defendant claimed that while the State in its bill of particulars specified that he had violated R.C. 4507.02(A)(1), driving without a license, the evidence presented by the State at trial demonstrated that Defendant was driving under suspension, a completely different offense. Thus, Defendant argued that the State failed to prove the charged offense, a violation of R.C. 4507.02(A)(1).
In response, the prosecutor stated that he had made a clerical error in the bill of particulars. The prosecutor requested permission to amend the bill of particulars to charge a violation of R.C. 4507.02(B)(1), driving under suspension, rather than R.C. 4507.02(A)(1), driving without a license. The prosecutor argued that the amendment would not cause surprise or prejudice to Defendant because he knew from the traffic ticket that he was charged with "suspension" under R.C. 4507.02. Moreover, when the trial court earlier had continued the trial from October 4, 2001, until November 21, 2001, so it could consider Defendant's renewed/amended motion to dismiss, the trial court clearly indicated to Defendant at that time that he was charged with driving under suspension.
The trial court permitted the State to amend the numeric designation of the charge in its bill of particulars, over Defendant's objection. The trial court then overruled Defendant's motion for dismissal/acquittal. After introducing a certified copy of Defendant's driving record from the Bureau of Motor Vehicles without objection, the State rested. Defendant presented no testimony or other evidence.
The trial court found Defendant guilty of driving under suspension and sentenced him to thirty days in jail and a one thousand dollar fine. The trial court suspended all of the jail time and eight hundred dollars of the fine, on condition that Defendant have no further violations of this type.
Defendant has now timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED BY CONVICTING APPELLANT OF DRIVING UNDER SUSPENSION WHEN IN FACT HE HAD NO LICENSE."
Defendant argues that he cannot be convicted of driving under suspension because his driving privileges had expired in 1990, some years prior to the date on which he was cited for driving under suspension in this case, and those privileges were not renewed.
Defendant correctly observes that driving privileges that do not exist because they have expired cannot be suspended. Privileges can be suspended only when they've been granted, which occurs when an operator's permit is issued. Permits or licenses, are for a definite term. The privilege can be suspended during its term, but thereafter there is no privilege to suspend.
At the trial the State offered proof of the driving under suspension charge in the form of evidence consisting of a certified copy of Defendant's driving record from the Bureau of Motor Vehicles (BMV). The document was marked as an exhibit and admitted into evidence, without objection, on the testimony of Officer Dabelt, who identified them and stated that its contents showed that Defendant's driving privileges had been suspended at the time when he was stopped. The exhibit was not a part of the certified record. We ordered that the record on appeal in this case be supplemented with other copies of those same BMV records. Those records have now been received.
The BMV records are ambiguous on their face, and it is unclear from them whether at the time Defendant was cited for this offense his driving privileges were under suspension or had previously expired. In that regard, Officer Dabelt testified at trial that his own check of the BMV records through his police dispatcher revealed that Defendant's license was under suspension. Furthermore, Officer Dabelt testified that State's Exhibit 1 is Defendant's driving record from the BMV, and that those records show that Defendant's license is under suspension. Defendant then had an opportunity to cross-examine Officer Dabelt regarding what Dabelt claims those BMV records show about the status of Defendant's driving privileges, but Defendant failed to use that opportunity.
While Defendant's contention of law is correct, that contention is not supported by the facts of record. The BMV records are ambiguous, and the only evidence demonstrating their meaning is the testimony of Officer Dabelt. Defendant offered no contradictory evidence, and he didn't cross-examine the officer in order to show how or why his interpretation of the BMV records was mistaken. Therefore, the record before us fails to portray the claimed error, that Defendant's driving privileges had expired and therefore could not be under suspension at the time he was cited for the offense of driving under suspension. Accordingly, the first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED BY CONVICTING APPELLANT OF DRIVING UNDER SUSPENSION, OR NO DRIVER'S LICENSE, WHEN THE TRIAL COURT HAD NO JURISDICTION FOR SAID CHARGES BECAUSE THE TRIAL COURT HAD NO SUBJECT MATTER JURISDICTION."
 THIRD ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO DISMISS, MADE AT THE CONCLUSION OF THE STATE'S CASE."
Defendant claims that the trial court erred in not granting his motion to dismiss this case. For his argument in that regard Defendant refers this court to his "Renewed and Amended Notice of Jurisdictional Defect and Demand to Dismiss" that he filed in the trial court. That incorporation by reference does not comply with the requirements in App.R. 12(A)(2) and 16(A)(7) that each assigned error be separately argued in the brief and supported with citations to the authorities upon which Appellant relies.
The second and third assignments of error are overruled. The judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.